**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-1449**

———————

DOMINGAS TOMBUELA,

                                                    Petitioner,

        versus

MICHAEL B. MUKASEY, Attorney General,

                                                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A79-344-747)

———————

Submitted:  November 30, 2007        Decided:  January 8, 2008

———————

Before NIEMEYER and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C.,
for Petitioner.  Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Song E. Park, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Domingas Mario Tombuela, a native and citizen of Angola, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Tombuela claims substantial evidence does not support the Board's decision denying withholding from removal or withholding under the CAT.* She further claims the Board failed to consider relevant evidence, resulting in the denial of due process. We deny the petition for review.

To be eligible for withholding of removal, an alien must show a clear probability that her "life or freedom would be threatened" on a protected ground if she were to be removed to her native country. 8 U.S.C. § 1231(b)(3)(A) (2000); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). "The burden of proof is on the applicant for withholding of removal . . . to establish that his or her life or freedom would be threatened in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b) (2007). A showing of

_____

*Tombuela does not challenge the Board's decision that her asylum application was untimely.

- 2 -

such a threat in the past creates a rebuttable presumption that the threat would recur upon removal. 8 C.F.R. § 1208.16(b)(1)(I); Camara, 378 F.3d at 370. Withholding of removal is mandatory if the alien satisfies the standard of proof. INS v. Aguirre-Aguirre, 526 U.S. 415, 419 (1999). Factual findings by the Board or the immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2000). The Board's decision denying withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

We find the Board's decision is supported by substantial evidence. We further find the record does not compel a different result with respect to the Board's finding that Tombuela failed to show past persecution based on a protected ground. We also find her due process challenge is without merit.

In addition, we are precluded from reviewing her challenge to the denial of relief under the CAT because she did not raise this claim on appeal to the Board. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004). We further find Tombuela's claim that she was entitled to humanitarian relief even if she failed to show that it is likely she will be a victim of persecution is without merit. See Bucur v. INS, 109 F.3d 399, 405 (7th Cir. 1997).

- 3 -

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED